IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darrell Allen Findley, | ) | C/A No.: 1:23-3020-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America; President Joe Biden; Judge James Wesley Whine; Governor McMaster; SLED Director Mark Keel; Attorney General Alan Wilson; Randi Moore (Harris); Randy Moore; Sherri Moore; Sheriff Chad McBride; Steven Baker; Officer Sharpen; L. Hakins; David Phillips; Kim Shore; Anderson County Sheriff's Officer Kaleb Grant; ACSO Officer Jaden Morgan;Bobby Morgan; Dylan Morgan; Patrick Wagner; Owner of Cathrans' Towing; Owner of Shermanator's Towing; Laticia Denise Anderson; Bob Maxwell; Shelby Millington; Josh Running; Johnny Hyatt; Cason Brown; Jacob Bowland; Benjamin Cothran; Braden Plumley; Timothy Wright; Patrick Wagner; and Chris Aman, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER AND NOTICE |
| Defendants. | ) ) | |

Darrel Allen Findley ("Plaintiff"), proceeding pro se, filed this complaint against 34 defendants, including federal and state executives, local sheriff officers, and private individuals (collectively "Defendants"). Pursuant to 28

U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges he was homeless in 2022 and was struck by a car while on a bicycle. [ECF No. 1 at 13]. He received $33,000 as a result of the accident and claims he was "sabotaged at every angle by police and citizen family and friends (so called)." *Id.* at 14. Although the complaint is confusing, it appears he bought a car with the money and police found drugs in the car, leading to his arrest and incarceration. *Id.* at 14–17. He seeks 100 million dollars in damages, immediate release, complete pardon, reinstatement of his license, and a full investigation with criminal charges filed. *Id.* at 17.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis

either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp.*

3

*v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   No Jurisdiction Over Private Defendants

Many of the defendants, including but not limited to[1] Randi Moore Harris, Eandy Moore, Sherri Moore, and the Owners of Cathran's and Shermanator's Towing, appear to be private citizens and not state or federal actors. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable in an action pursuant to 42 U.S.C. § 1983. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–75 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1983); *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006). Plaintiff's complaint is subject to summary dismissal against any defendant whose conduct was not made under the color of state or federal law.

2.   No Personal Allegations

Plaintiff's complaint contains no factual allegations against any specific defendant, other than a few references to private individuals.  Therefore,

---

[1] Because Plaintiff fails to identify many defendants in any way, the court is unable to determine all of the defendants who are private actors.

4

Plaintiff has not alleged sufficient facts allowing the court to find any individual is potentially liable to him. To the extent Plaintiff has sued Defendants in their supervisory capacities, he has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Plaintiff does not allege Defendants are responsible for, or even aware of, all the issues about which he complains.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **August 3, 2023**, along with any appropriate service

5

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

    IT IS SO ORDERED.

July 13, 2023                                           Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge